# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-CR-117 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| OSCAR OTIEL OCHOA-SANCHEZ, | |
| Defendant(s). | |

Presently before the court is petitioner Oscar Otiel Ochoa-Sanchez's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 133). The government has filed a response (ECF No. 139), to which petitioner replied (ECF No. 140).

**I.    Facts**

On May 28, 2015, petitioner pleaded guilty to count 6 of the indictment (ECF No. 26), charging distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). (ECF No. 89).

On October 6, 2015, the court sentenced petitioner to 108 months in custody, followed by five (5) years supervised release with special conditions. (ECF No. 125). Petitioner was advised of his rights to file an appeal. (ECF Nos. 89, 92, 125). The court entered judgment on October 8, 2015. (ECF No. 126). Petitioner was represented by Frank P. Kocka, Esq. ("Kocka").

In the instant motion, the petitioner moves to vacate his sentence based on ineffective legal counsel. (ECF No. 133).

**II.    Legal Standard**

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C.

**James C. Mahan**
**U.S. District Judge**

§ 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

### III. Discussion

To prevail on a claim of ineffective assistance of counsel, petitioner must show deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"First, the defendant must show that counsel's performance was deficient." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . ." *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. To establish deficient performance, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

"Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694.

James C. Mahan
U.S. District Judge

- 2 -

Petitioner argues that his attorney, Kocka, was ineffective by allowing him to sign a plea agreement including a waiver of appeal and post-conviction proceedings, which prejudiced petitioner. (ECF No. 133 at 5). Additionally, petitioner alleges that his attorney failed to obtain minor participant consideration for him during the sentencing. (ECF No. 133 at 5). Lastly, petitioner contends that his limited knowledge of the English language and the laws coupled with his attorney's lack of explanation led petitioner to accept a plea he did not fully understand. (ECF No. 133 at 5).

In response, the government asserts that petitioner affirmed at the change-of-plea hearing that petitioner met with his attorney, discussed the contents of the plea agreement, and was knowingly and voluntarily entering a guilty plea. (ECF No. 139 at 7). Moreover, the government argues that petitioner gives no reason to discredit petitioner's sworn declarations given at the change-of-plea hearing. (ECF No. 139 at 8). This court agrees.

Petitioner's motion fails to demonstrate deficient performance and prejudice as required to prevail on a claim of ineffective assistance of counsel. *See Strickland*, 466 U.S. at 687. In particular, petitioner summarily alleges he "signed a plea agreement, without the full understanding of the rights [he] was giving up," and therefore, Kocka did not adequately represent him. (ECF No. 133 at 5). However, petitioner provides no facts to support his allegation that Kocka's performance was deficient or that petitioner was prejudiced as a result.

Moreover, petitioner points to no evidence in the record to support his allegation. In fact, the record demonstrates that petitioner was given a translated copy of the indictment, as well as, a Spanish translator during the change-of-plea hearing. (*See* ECF No. 137 at 3–4, 8–9). Further, petitioner assured the court that he would let the court know if he had difficulty understanding what was said or done during the hearing. (*See* ECF No. 137 at 4).

Because the record conclusively shows that petitioner is not entitled to relief, no evidentiary hearing is required. Where a § 2255 motion is based on alleged occurrences outside the record, no hearing is required if the allegations, "viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.'" *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985) (quoting *United States v.*

*Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). The Ninth Circuit has recognized that where the issue of credibility can be conclusively decided on the basis of documentary testimony and evidence in the record, no evidentiary hearing is required. *United States v. Espinoza*, 866 F.2d 1067, 1069 (9th Cir. 1989) (quotations omitted).

In light of the foregoing, the court will deny petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

**IV.     Certificate of Appealability**

Furthermore, the court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253 (1996).

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the movant should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the requisite substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further.

Accordingly, the court declines to issue a certificate of appealability.

**V.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner Oscar Otiel Ochoa-Sanchez's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 133) be, and the same hereby is, DENIED.

DATED May 25, 2017.

_____
UNITED STATES DISTRICT JUDGE